IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAFAEL SIERRA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:23-cv-00488-M-BT |
| | § | |
| DALLAS COUNTY DISTRICT ATTORNEY'S OFFICE, DALLAS COUNTY PUBLIC DEFENDER'S OFFICE, DALLAS COUNTY COMMISSIONER'S COURT, and KATHY LOWTHORP | § § § § § § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Rafael Sierra brings this civil action against the Dallas County District Attorney's Office (the "DA"), the Dallas County Public Defender's Office (the "PDO"), the Dallas County Commissioner's Court (the "DCCC"), and Kathy Lowthorp. For the following reasons, the District Court should DISMISS all of Sierra's claims for lack of subject matter jurisdiction.

In view of this recommendation, the undersigned terminates as MOOT Sierra's motions for discovery (ECF Nos. 78, 88) and Lowthorp's motions to strike Sierra's second, third, fourth, and fifth amended complaints (ECF Nos. 129, 137).

## Background

Sierra initiated this lawsuit on February 28, 2023, by filing a *pro se* civil complaint form with attachments in the Fort Worth Division of the Northern

1

District of Texas.[1] *See* Orig. Compl. (ECF No. 1). The next day he paid the filing fee and filed a First Amended Complaint. Am. Compl. (ECF No. 16). On March 2, the Fort Worth court transferred the case to the Dallas Division because Sierra's claims arise out of events that allegedly occurred in Dallas County, and all the Defendants are located in Dallas County. *See* Order (ECF No. 7).

Following the transfer, Sierra commenced a flurry of activity, filing more than one hundred separate "notices" and motions, including several motions for preliminary injunctive relief (ECF Nos. 84, 93, 119). Sierra also filed four additional amended complaints. 2d Am Compl. (ECF No. 43); 3d Am. Compl. (ECF No. 91); 4th Am. Compl. (ECF No. 115); 5th Am. Compl. (ECF No. 124).[2]

He effected service on Lowthorp, *see* Summons (ECF No. 53), and Lowthorp responded by filing a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) and Federal Rule of Civil Procedure 12(b)(6). Mot. Dismiss (ECF No. 52). Sierra also filed purported proof of service on the DCCC, *see* Summons (ECF No. 63), and the Clerk of Court subsequently entered default against the DCCC, *see*

---

[1] Although he is representing himself here, Sierra is a licensed Texas attorney. *See* https://www.texasbar.com/AM/Template.cfm?Section=Find_A_Lawyer&template=/Customsource/MemberDirectory/MemberDirectoryDetail.cfm&ContactID=329033.

[2] Lowthorp moves to strike Sierra's second, third, fourth, and fifth amended complaints on grounds that Sierra filed those pleadings without her consent or leave of court. Mot. to Strike (ECF No. 129); Am. Mot. Strike (ECF No. 137). Sierra opposes Lowthorp's motion as an improper and untimely response to his pleadings. *See* Resp. (ECF No. 134).

Clerk's Entry of Default (ECF No. 127).³ Although Sierra did not move for a default judgment, the DCCC filed a Motion to Set Aside the Default (ECF No. 131). The DA and the PDO also filed a Motion to Dismiss under Rule 12(b)(4) (ECF No. 135).

As best the Court can tell from his myriad submissions, Sierra alleges that he and Lowthorp jointly represented a criminal defendant during a Dallas County murder trial in January of 2022. At some point during the trial, Lowthorp assaulted him by deploying an "chemical agent" in the courtroom. Sierra further alleges that the PDO, the DA, and the DCCC each committed wrongdoing in relation to Lowthorp's alleged assault by aiding, abetting, commanding, inducing, or procuring commission of the assault and by failing to report the assault after the fact. Finally, Sierra alleges that the PDO, the DA, and the DCCC have been utilizing a weaponized "communicator device" to harass and intimidate him since 2015.

Sierra describes the nature of his suit as a civil rights action and sporadically throughout his various amended complaints appears to assert violations of his rights under the First, Second, Fourth, Fifth, and Thirteenth Amendments to the United States Constitution, Title 18 of the United States Code, the "Law of Parties", "Assault", and the "Duty to Act Under Statute". He contends that the Court has federal question subject matter jurisdiction, and he seeks $4.5 billion in damages and injunctive relief.

---

³ Sierra requested the Clerk of Court enter a default as to all defendants. Req. (ECF No. 118). But the Clerk entered a default only as to the DCCC (ECF No. 127). The Clerk declined to enter default as to Lowthorp due to her attempt to defend, and declined to enter default as to the other Defendants due to no proof of service.

**Legal Standards**

Federal courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (Scalia, J.) (citations omitted). Unless otherwise provided by statute, federal subject matter jurisdiction requires: 1) an action "arising under the Constitution, laws, or treaties of the United States," *see* 28 U.S.C. § 1331; or 2) complete diversity of citizenship between adverse parties combined with an amount in controversy exceeding $75,000, *see* 28 U.S.C. § 1332.

Regarding federal question jurisdiction—the basis through which Sierra asserts subject matter jurisdiction—the most common cases "arising under" federal law "are those in which federal law creates the cause of action." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). In rare situations, a case may arise under federal law "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 9 (1983). Finally, federal courts may exercise "supplemental jurisdiction" over claims lacking in subject matter jurisdiction when those claims are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

While pleadings by *pro se* plaintiffs are construed liberally, *see, e.g., Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002); *Mass v. McDonald's Corp.*, 2004 WL 2624255, at *2 (N.D. Tex. Nov. 12, 2004) (Lynn, J.), the court—whether or not faced with a *pro se* plaintiff—"must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). And "even though a particular statute or rule need not necessarily by cited by name[,]" the party asserting jurisdiction must allege the jurisdictional basis "affirmatively and distinctly"; jurisdiction cannot be "established argumentatively or by mere inference." *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (citations omitted). "[C]ourts are not obligated to search out the identity of a party's vaguely-pleaded claims." *Mass,* 2004 WL 2624255, at *2. Ultimately, "[t]he plaintiff is the master of his own pleadings, and even a pro se litigant has the right to plead himself out of court, just as an attorney may do." *Estrada v. Dominguez,* 2001 WL 506982, at *2 (N.D. Tex. May 14, 2001) (Averitte, J.).

Federal courts do not have to—and in fact, should not—wait for a Rule 12(b)(1) motion to determine whether subject matter jurisdiction exists. On the contrary, "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The court "is duty-bound to examine its subject-matter jurisdiction sua sponte." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 n.4 (5th Cir. 2017); *see also Ins.*

5

*Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (explaining that while under Rule 12(h) defenses for lack of personal jurisdiction are waived if untimely, even an appellate court may review subject matter jurisdiction *sua sponte*).

When a Rule 12(b)(1) motion is filed, it will often be filed in conjunction with other Rule 12 motions—then, the court should consider the jurisdictional attack before addressing any attack on the merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). Moreover, where both Rule 12(b)(1) and other 12(b) grounds for dismissal have merit, the court should dismiss only on the jurisdictional ground. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam). Prioritizing the jurisdictional challenges avoids prematurely dismissing cases with prejudice and thereby allows plaintiffs to pursue their claims in courts with jurisdiction. *Id.*

**Analysis**

Liberally construing Sierra's pleadings, it appears that he attempts to bring two claims against Lowthorp: 1) civil assault; and 2) criminal conduct under Title 18 of the United States Code, including attempted murder under section 1113. *See* Am. Compl. ¶ 1-3 (alleging that Lowthorp "forcibly assault[ed]" Sierra); Am. Compl. p 4 (citing Title 18 as one of his causes of action); Resp. (ECF No. 68) (citing 18 U.S.C. § 1113).

In addition to his claims against Lowthorp, a liberal reading of Sierra's Complaint reveals two claims against the DA, the PDO, and the DCCC: 1) aiding

and abetting Lowthorp's alleged assault; and 2) violations of Sierra's constitutional rights through use of a weaponized communicator device. *See* Am. Compl. ¶ 1-3 (alleging that the DA, the PDO, and the DCCC aided and/or abetted commission of Lowthorp's assault); Am. Compl. ¶ 7-11 (alleging violations of Fourth and Thirteenth Amendments).

In his third, fourth, and fifth amended complaints, Sierra identifies the Office of the Attorney General (the "OAG") as a "party served," but he fails to set forth any facts with respect to the OAG, and the Court does not construe his pleadings as attempting to state any separate claim against the OAG.

A. <u>The Court should grant Lowthorp's Motion under 12(b)(1) and dismiss Sierra's claims against her without prejudice for lack of subject matter jurisdiction.</u>

i. *The Court lacks subject matter jurisdiction over Sierra's civil assault claim against Lowthorp.*

Sierra's claim against Lowthorp for civil assault does not arise under federal law. Sierra does not allege any federally created cause of action for civil assault, and Sierra's pleadings do not present any reason to believe that this assault claim will necessarily involve interpretation of federal law. Accordingly, the Court does not have federal question subject matter jurisdiction over the claim. And since, as will be explained below, all potential federal claims should be dismissed, the Court should not exercise supplemental jurisdiction over any state law claim. *See* 28 U.S.C. § 1367(c)(3) (expressly granting district courts authority to decline to exercise supplemental jurisdiction when all federal claims have been dismissed).

Further, even if Sierra's federal claims were to remain, his civil assault claim is clearly not "so related to [the federal claims] that they form part of the same case or controversy" as is required for the Court to exercise supplemental jurisdiction. *See id.* Sierra's civil assault claim arises out of Lowthorp's alleged use of a chemical agent during a specific murder trial in January of 2022. *See* Am. Compl. ¶ 1-3. Sierra's federal claims do not relate to this murder trial at all and are based on events that allegedly occurred throughout an entirely different time period. Specifically, Sierra appears to bring claims alleging violations of his constitutional rights by the DA, the PDO, and the DCCC through use of a weaponized communicator device since 2015. *Id.* ¶ 7-11.

Accordingly, the Court should dismiss Sierra's civil assault claim against Lowthorp without prejudice, for lack of subject matter jurisdiction.

ii. *The Court lacks subject matter jurisdiction over Sierra's Title 18 claims against Lowthorp.*

Sierra also invokes Section 1113 of Title 18—the provision criminalizing attempted murder. It thus appears that Sierra seeks to bring a claim under 18 U.S.C. § 1113 for attempted murder. However, Title 18 is a federal criminal statute and generally provides no private right of action. *See Ennis Transp. Co. Inc. v. Richter*, 2009 WL 464979, at *1 (N.D. Tex. Feb. 24, 2009) (Boyle, J.) ("It is well established that generally there is no private cause of action for the violation of a federal criminal statute, and thus no jurisdiction for federal courts to preside over a suit between private parties when the only federal law allegedly violated is

8

criminal." (citations omitted)); *Tovar v. U.S. Healthworks*, 2020 WL 1015824, at *2 (N.D. Tex. Feb. 3, 2020) (Toliver, J.), report and recommendation adopted sub nom. *Tovar v. U.S. Healthworks Concentra*, 2020 WL 998804 (N.D. Tex. Feb. 28, 2020) (Lynn, J.) (recommending that plaintiff's federal criminal claims be dismissed under Rule 12(b)(1) because "private causes of action are not available under penal statutes"). Sierra does not attempt to contradict this general rule—he does not allege that a private right of action exists, either explicitly within the text of the statute or by implication. Accordingly, the Court should dismiss Sierra's Title 18 claims without prejudice for lack of subject matter jurisdiction.[4]

In sum, the Court should GRANT Lowthorp's 12(b)(1) Motion and DISMISS without prejudice all of Plaintiff's claims against Lowthorp for lack of subject matter jurisdiction.

    B. The Court should *sua sponte* dismiss Sierra's claims against the remaining Defendants—the DA, the PDO, and the DCCC—without prejudice for lack of subject matter jurisdiction.

---

[4] Lack of a private cause of action also presents a meritorious basis to dismiss for failure to state a claim under Rule 12(b)(6), as Lowthorp argues. *See, e.g., Harris v. City of Grand Prairie*, 2023 WL 3984665, at *8 (N.D. Tex. May 25, 2023) (Horan, J.), report and recommendation adopted, 2023 WL 3984839 (N.D. Tex. June 13, 2023) (Boyle, J.) (dismissing Title 18 claim under 12(b)(6) because plaintiff did not have a private right of action under the statute). However, where both Rule 12(b)(1) and 12(b)(6) grounds for dismissal have merit, courts should dismiss only on the jurisdictional ground. *Hitt*, 561 F.2d at 608. Further, the Fifth Circuit approves of 12(b)(1) dismissals based on absence of a private cause of action. *See Acara v. Banks,* 470 F.3d 569, 572 (5th Cir. 2006) ("We hold there is no private cause of action under HIPAA and therefore no federal subject matter jurisdiction over Acara's asserted claims."). Therefore, the District Court should dismiss Sierra's Title 18 claims under Rule 12(b)(1).

> i. *The Court lacks subject matter jurisdiction over Sierra's aiding and abetting claims against the DA, the PDO, and the DCCC.*

Sierra's aiding-and-abetting assault claims against the DA, the PDO, and the DCCC, like both his civil and criminal assault claims against Lowthorp, do not arise under federal law. To the extent that Sierra intends to bring these claims under civil law, he does not allege any federally created cause of action and does not allege that addressing the claims will necessarily involve determination of federal law issues. And to the extent that Sierra attempts to bring these aiding and abetting claims under federal criminal law, again, he provides no allegations to overcome the general rule that federal criminal statutes do not provide private causes of action. *See Flander v. Dep't of Pub. Safety,* 2014 WL 238652, at *2 (N.D. Tex. Jan.22, 2014) (Boyle, J.) ("It is axiomatic, however, that federal criminal . . . statutes do not create a private right of action.").

Accordingly, the Court should dismiss without prejudice Sierra's aiding and abetting claims against the DA, the PDO, and the DCCC for lack of subject matter jurisdiction.

> ii. *The Court lacks subject matter jurisdiction over Sierra's constitutional claims against the DA, the PDO, and the DCCC.*

Sierra's various allegations of violations of his First, Second, Fourth, Fifth, and Thirteenth Amendment rights and "other civil rights" are equally unavailing. These claims are simply bald allegations that Sierra's federal substantive rights have been violated. *See Tovar*, 2020 WL 1015824, at *1 ("[T]here is no basis for

federal question jurisdiction in [*pro se*] Plaintiff's barebones invocation of the Constitution[.]").

To the extent Sierra indicated on his civil cover sheet that his lawsuit involves "other civil rights" claims, *see* Am. Compl. 5 (ECF No. 16), he does not posit or allege anything on the face of his pleadings that can be construed to constitute an action under 42 U.S.C. § 1983. For example, Sierra does not include 42 U.S.C. § 1983 in his list of causes of action; and he does not allege that Lowthorp or any of the other Defendants were acting under the color of state law when they committed the alleged wrongful conduct. Indeed, in his Response to Lowthorp's Motion to Dismiss, Sierra argues that his case "arises under" federal law only through one specific federal statute—18 U.S.C. § 1113. Resp. at p 7 (ECF No. 68).

Simply citing to a federal substantive right in a complaint is not enough—for federal subject matter jurisdiction, the action must be brought pursuant to a federally created cause of action. *See Quinn v. Guerrero,* 863 F.3d 353, 359 (5th Cir. 2017) (holding that plaintiff's vague references to the United States Constitution and "excessive force" did not allege a claim under Section 1983 and failed to establish federal question jurisdiction under well-pleaded complaint rule); *see also Quinn,* 863 F.3d at 359 (agreeing with the analysis of unpublished opinion in *Cevallos v. Silva*, 541 F. App'x 390, 393 (5th Cir. 2013), that a plaintiff's allegations were "too ambiguous to establish federal question jurisdiction definitively" when plaintiff alleged "violation of his civil and constitutional rights [and] that the defendants acted under color of law") (internal quotations omitted)).

11

While Sierra did not necessarily have to cite 42 U.S.C. § 1983, he had to state the basis for federal subject matter jurisdiction affirmatively and distinctly on the face of his own Complaint. *See id.* ("The plaintiff need not specifically cite a federal provision such as Section 1983 . . . but he must allege facts sufficient to establish a colorable issue of federal law[.]"). Inferring that Sierra intended to bring any claims under Section 1983 risks usurping Sierra's role as the master of his complaint and ignores the strict boundaries of the Court's limited jurisdiction that it is duty-bound to respect.

In sum, the Court should *sua sponte* DISMISS without prejudice all of Plaintiff's claims against the DA, the PDO, and the DCCC for lack of subject matter jurisdiction.

## Recommendation

For the reasons stated, the Court should GRANT Lowthorp's Motion to Dismiss (ECF. No 52) and DISMISS without prejudice Sierra's claims against Lowthorp for lack of subject matter jurisdiction. Additionally, the Court should *sua sponte* DISMISS without prejudice Sierra's claims against the DA, the PDO, and the DCCC for lack of subject matter jurisdiction.

Because the Court lacks jurisdiction over Sierra's claims, it should pretermit consideration of any other pending motion, including Sierra's motions seeking preliminary injunctive relief (ECF Nos. 84, 93, 126), the DCCC's Motion to Set Aside Default (ECF No. 131), and the DA and the PDO's Motion to Dismiss under Rule 12(b)(4) (ECF No. 135).

**SO RECOMMENDED.**

October 18, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).